# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-111-DCK

| | |
|---|---|
| EVERETT HUNT, | ) |
|     Plaintiff, | ) |
| v. | )    **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|     Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 16) and "Defendant's Motion For Summary Judgment" (Document No. 20). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## BACKGROUND

Plaintiff Everett Hunt ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about January 18, 2017, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, both alleging an inability to work due to a disabling condition beginning January 1, 2013. (Transcript of the Record of Proceedings ("Tr.") 18, 222).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's applications on or about May 3, 2017, and again after reconsideration on August 25, 2017. (Tr. 91, 100, 112, 120). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. The evidence does not show a condition that would prevent most work-related activities. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 120, 125).

Plaintiff filed a timely written request for a hearing on or about September 25, 2017. (Tr. 18, 130). On May 14, 2019, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Shannon H. Heath (the "ALJ"). (Tr. 18, 30-52). In addition, Nancy N. Hughes, a vocational expert ("VE"), and Daniel A. Bridgman, Plaintiff's attorney, appeared at the hearing. Id.

At the hearing, Plaintiff amended his alleged onset date to January 31, 2017, the Title XVI application date. (Tr. 19, 33-34). Because Plaintiff's date last insured was March 31, 2014, he withdrew his application for Title II benefits. Id. The question before the ALJ was whether Plaintiff was entitled to supplemental security income pursuant to Title XVI. Id.

The ALJ issued an unfavorable decision on June 18, 2019, denying Plaintiff's claim. (Tr. 15, 18-23). On August 19, 2019, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on January 13, 2021. (Tr. 1, 4-7, 213). The Appeals Council stated in pertinent part:

> As pertaining to the claimant's Title XVI application, the claimant does not have any medically determinable impairment or combination of impairments that have more than a minimal effect

> on his ability to do any work activity. Therefore, the claimant does
> not have a severe impairment.

(Tr. 6) (citing 20 C.F.R. 416.920(c)).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on March 18, 2021. (Document No. 1). The parties consented to Magistrate Judge jurisdiction on July 30, 2021, and this case was reassigned to the undersigned as presiding judge. (Document No. 13).

Plaintiff's "Motion For Summary Judgment" (Document No. 16) and "Plaintiff's Memorandum In Support Of Summary Judgment" (Document No. 17) were filed September 23, 2021; and "Defendant's Motion For Summary Judgment" (Document No. 20) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 21) were filed December 6, 2021. "Plaintiff's Response To Defendant's Memorandum…" (Document No. 22) was filed on December 13, 2021.

The pending motions are now ripe for review and disposition.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**DISCUSSION**

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 31, 2017, and the date of the ALJ decision.[1] (Tr. 19, 23). To establish entitlement to benefits, Plaintiff has the burden of

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

proving disability within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps;  if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy.  Pass, 65 F.3d at 1203.  In this case, the ALJ determined at the second step that Plaintiff was not disabled. (Tr. 21).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 31, 2017, the revised alleged disability onset date.  (Tr. 20).

At the second step, the ALJ found that hypertension; rash; and chronic obstructive pulmonary disease/emphysema were medically determinable impairments.  (Tr. 21).  However,

the ALJ opined that Plaintiff "does not have a *severe* impairment or combination of impairments."[2] Id. (emphasis added).

The ALJ concluded that since Plaintiff did not have a severe impairment, he was not under a "disability," as defined by the Social Security Act, at any time between January 31, 2017, and the date of her decision, June 18, 2019. (Tr. 23).

On appeal to this Court, Plaintiff alleges the ALJ erred by: (1) failing to properly evaluate probative evidence; and (2) giving inadequate consideration to the medical opinion evidence. (Document No. 17). Plaintiff also argued that the ALJ's decision is invalid because the Social Security Administration is not constitutional; however, Plaintiff has subsequently withdrawn this constitutional argument. (Document Nos. 17, 24).

### A. Consideration of Evidence

In the first assignment of error, Plaintiff argues that the ALJ failed "to evaluate and explain the weight given to obviously probative evidence before finding that Plaintiff had no severe impairments." (Document No. 17, p. 4). Plaintiff acknowledges that "an ALJ is not required to discuss every treatment note on record," but suggests that the ALJ here should have done more. (Document No. 17, p. 5).

Plaintiff contends that although the ALJ's decision did cite to medical evidence of record, his analysis was incomplete. (Document No. 17, p. 5) (citing Tr. 22-23) (citing Tr. 496-497, 1530). According to Plaintiff, the ALJ "failed to discuss large swaths of evidence from the record" supporting Plaintiff's testimony that this COPD and emphysema limited his capacity for activity – particularly walking and lifting. (Document No. 17, p. 6).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987). A "severe" impairment is one "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c).

6

The crux of Plaintiff's argument, repeated throughout his brief, is that he could not walk a city block and/or more than 180 meters without becoming short of breath ("SOB"); therefore, the ALJ committed reversible error when he declined to find that Plaintiff's chronic obstructive pulmonary disease ("COPD") and emphysema were severe impairments. (Document No. 17, pp. 6, 7, 9, 11). With little explanation, Plaintiff concludes that his COPD and emphysema pose "a significant limitation on his ability to work restricting his ability to walk or be active for more than a few minutes at a time before requiring a break." (Document No. 17, p. 9).

In response, Defendant asserts that substantial evidence "supports the ALJ's non-severity Step 2 finding that plaintiff's medically determinable impairments (MDI) are not functionally disabling despite plaintiff's allegations otherwise." (Document No. 21, p. 15). Defendant notes that Plaintiff bears the burden of production and proof during the first four steps of the disability inquiry; and therefore, Plaintiff "bears the burden of proving his MDIs are functionally work prohibiting." (Document No. 21, p. 16) (citing Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) and Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016)).

Defendant first observes that the ALJ noted that despite complaints of shortness of breath Plaintiff *still* smokes about a half-pack of cigarettes daily. (Document No. 21, p. 16) (citing Tr. 22) (citing Tr. 43). Plaintiff's testimony indicates that he had smoked a pack of cigarettes a day from the age of 17 until about 2015, when Plaintiff was 53 years old. (Tr. 35, 42-43, 487).

Defendant goes on to suggest that the evidence shows Plaintiff's lungs were in better shape than he now contends. (Document No. 21, pp. 16-17). For example, Defendant cites to an examination by Dr. Kendra Richardson in April 2017, that revealed, *inter alia*, that "lung dilation was not even needed" and "his lungs were clear to auscultation and percussion, with no wheezes, rales or rhonchi." Id. (citing Tr. 22, 488). Moreover, Dr. Richardson observed that Plaintiff had

7

no balance problems, no difficulty walking, could hop on either foot, "was able to squat and rise 'with ease,'" and had no wheezing or shortness of breath. (Document No. 21, p. 17) (citing Tr. 22, 490). According to Defendant, "that consultative examination was essentially normal." Id. (citing Tr. 488-495).

Next, Defendant argues that the State Agency medical and psychological consultants' opinions support the ALJ's determination. (Document No. 21, pp. 17-18) (citing Tr. 81). Specifically, in the "Disability Determination Explanation," Dr. Edwin Swann found that Plaintiff's impairments, including COPD and hypertension, were not severe – they "do[] not significantly limit physical or mental ability to do basic work activities." (Tr. 81). Dr. Swann noted that "plaintiff's *spirometry was interpreted within normal limits*." (Document No. 21, p. 17) (citing Tr. 81).

Defendant contends that the State Agency consultants' determination alone provides "substantial evidence" to support the ALJ's decision. (Document No. 21, pp. 17-18) (citing Lusk v. Astrue, 1:11-CV-196-MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013)). Defendant concludes that Plaintiff has failed to meet his burden of establishing "how any medically determinable impairments negatively affect[] functioning." (Document No. 21, p. 18) (citations omitted).

In reply, Plaintiff re-asserts that the ALJ is "cherry picking" the evidence because there is additional evidence the ALJ decision did not explicitly discuss. (Document No. 22, pp. 3-5). This allegedly includes evidence corroborating Plaintiff's testimony that he could not walk longer than 180 meters [590.551 feet] without becoming short of breath. (Document No. 22, p. 4). The reply does <u>not</u> address Defendant's argument that Plaintiff has not met his burden of establishing how

his impairments negatively affect his ability to do basic work activities. (Document No. 22, pp. 3-5).

As an initial matter, the Court notes that this is a rare case requiring review of an ALJ decision made at step 2 of the familiar sequential process. The vast majority of social security appeals before this Court involve disputes regarding step 4 or step 5 denials.

The undersigned finds that the ALJ's consideration of the evidence was adequate here. Of course, as Plaintiff suggests, the ALJ *could* have cited and/or explained more of the evidence; nevertheless, it appears that substantial evidence supports the decision. Even relying on additional evidence, Plaintiff's conclusion that he is impaired by COPD and emphysema and thus has difficulty walking long distances and lifting heavy objects – seems to be entirely consistent with the ALJ's determination. The ALJ agrees that Plaintiff is impaired by COPD and emphysema, and thus, has "difficulty walking long distances or lifting heaving weights." (Tr. 22).

The difference between the parties' positions is whether or not those impairments should be considered to be "severe." Notably absent from Plaintiff's argument is any evidence or explanation as to how Plaintiff's impairments **significantly limit his ability to do basic work activities**.

"If the impairments are not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in substantial gainful activity." Bowen v. Yuckert, 482 U.S. 137, 146 (1987). "The severity regulation requires the claimant to show that he has an 'impairment or combination of impairments which significantly limits' 'the abilities and aptitudes necessary to do most jobs.'" Id. (quoting 20 CFR §§ 404.1520(c), 404.1521(b) (1986)). See also Wiggins v. Shalala, 16 F.3d 414, at *3

(4th Cir. 1994) ("The ALJ's determination that Claimant did not have a severe impairment is supported by substantial evidence.").

Plaintiff has "testified that he stopped working because he could not walk far or lift anything heavy without becoming SOB." (Document No. 17, p. 4) (citing Tr. 40) . Accepting that statement as fact, it seems unlikely Plaintiff could return to the demands of being a construction worker. However, Plaintiff has failed to explain – and the burden is his – how the inability to walk far, or lift anything heavy, significantly limits his ability to do basic work activities necessary for *most* jobs. See (Tr. 21) (citing SSR-85-28). Plaintiff does not argue that heavy lifting, or walking a block and/or 180 meters without becoming SOB, are basic work activities.

Without more from Plaintiff, it appears the evidence of record supports the determinations of the ALJ, the Appeals Council, and the SSA, that Plaintiff's impairments are non-severe.

### B. Consideration of Medical Opinion

Next, Plaintiff argues that the ALJ erred in her treatment of medical opinion evidence. (Document No. 17, pp. 10-11). Specifically, Plaintiff alleges that the ALJ stated "she found Dr. Smith's February 2019 opinion persuasive," but then made findings that are allegedly inconsistent with limitations recommended by Dr. Smith. (Document No. 17, p. 10). Plaintiff argues that the ALJ's failure to mention Dr. Smith's notations regarding a need for a cane and for breaks due to SOB is harmful. (Document No. 17, p. 11).

Plaintiff also argues that the ALJ failed to evaluate and assign weight to Dr. Richardson's medical opinion. Id.

In response, Defendant argues that the ALJ properly evaluated Dr. Smith's opinion. (Document No. 21, pp. 18-19). Defendant notes that the ALJ gave "partial weight" to Dr. Smith's opinion, noting that "he can sit, stand, and walk at least six hours in an eight-hour workday."

(Document No. 21, p. 18) (citing Tr. 23).  To the extent Dr. Smith indicated a need for a cane due to imbalance, Defendant argues that such finding is inconsistent with the rest of the record.  Id. Defendant further notes that "Dr. Richardson found plaintiff had no balance problems."  Id.  See also (Tr. 22) (citing Tr. 489-492).

Defendant also notes that Dr. Smith's opinion was given on a pre-printed check-the-box disability form, which are "notoriously deficient."  (Document No. 21, p. 18).  Such pre-printed forms have been recognized by Courts as having "limited probative value," especially when they lack well-supported explanatory notes.  (Document No. 21, pp. 18-19) (citations omitted).

In reply, Plaintiff concludes that Defendant failed to adequately address Plaintiff's arguments regarding the medical opinions.  (Document No. 22, p. 5).  Plaintiff still contends the ALJ should have said more about Plaintiff's shortness of breath if he walks longer than a block, his inability to walk up a flight of stairs, and his need for breaks during the day.

The undersigned is not persuaded that the ALJ erred in the consideration of Dr. Smith and Dr. Richardson's medical opinions.

First, Plaintiff mischaracterizes the ALJ opinion when he suggests that the ALJ found Dr. Smith's opinion to be "persuasive."  See (Document No. 17, p. 10).  Rather, as noted by Defendant, the ALJ gave the pre-printed form check-the-box document "partial weight."  (Tr. 23).  The undersigned further notes that Dr. Smith's opinion is barely legible, and left many of the blanks without any mark or explanation of his opinion.  See (Tr. 1431-1432).

Contrary to Plaintiff's argument, it appears to the Court that the ALJ adequately considered Dr. Richardson's opinion even if he did not explicitly assign it a weight.  See (Tr. 22) (citing Tr. 485-493).

The undersigned observes that Dr. Richardson described Plaintiff's gait as "[n]ormal, reciprocal gait pattern without assistive device." (Tr. 489). In her assessment on April 22, 2017, Dr. Richardson noted that Plaintiff's COPD is caused by smoking, and that he gets short of breath walking for longer than one block, but that his lungs were clear. (Tr. 493). She further noted that Plaintiff has pain in his hands, knees, and spine due to arthritis, but has "normal strength and range of motion in legs, hips, back, and hands." Id. See also (Tr. 22). Dr. Richardson indicated that Plaintiff did not need an assistive device and did not have limitations in walking, lifting, carrying, etc. (Tr. 494). Most, if not all, of this evidence was specifically described and/or cited to within the ALJ's decision discussing Dr. Richardson's opinion.

The undersigned does not find any error requiring reversal or remand.

## CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 16) is **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 20) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: December 21, 2022

David C. Keesler
United States Magistrate Judge